## JOEL PACKARD *vs.* ALFRED NYE, Executor.

In the trial of an action brought by one of the makers of a note, who has paid it in full, to recover of the other a moiety of the amount so paid, individuals for whose use the note was given and paid are competent witnesses for the plaintiff.

A note in this form — "we the subscribers, trustees for the proprietors of a new meet inghouse," &c. signed by the makers, without addition to their names, binds the signers, and not the proprietors of the house.

Where a note was made payable to the treasurer of a parish and his successors, and was signed by the treasurer himself and another promisor, and the latter paid the note to the successor of the payee, it was held that the party who so paid the note might maintain an action for contribution against the executor of his copromisor. Held also, that the successor of the payee, in the office of treasurer, might, by the Rev. Sts. *c.* 100, § 25, have maintained an action on the note, against such executor.

ASSUMPSIT for money had and received by the defendant's testator, Jonathan Swift, and for money paid for the use of said testator. The action was brought to recover of the defendant, as executor, a moiety of the amount paid by the plaintiff on two promissory notes signed by the testator and by the plaintiff. One of said notes was in these words: " October 25th, 1831. For value received, we, the subscribers, trustees for the proprietors of the new congregational meetinghouse, at the head of Accushnet River, promise to pay Jonathan Swift, treasurer of the first precinct in New Bedford and Fairhaven, or his successors in said office, the sum of two hundred and fifty-three dollars and thirty-two cents, on demand with interest.

JOEL PACKARD.

JONATHAN SWIFT."

The other note was in the same form, for $ 40·86, and was dated March 3d, 1832.

At the trial before *Morton*, J. it appeared, that at the time of the making of said notes, said Swift, the testator, was himself treasurer of the first precinct in New Bedford and Fairhaven, and that he had possession of the notes until his decease; that Obed Nye was chosen treasurer of said precinct, as successor of said Swift, and that the defendant, as executor of said Swift, delivered said notes to said Nye, pursuant to a vote of said precinct ; and that said Nye, before the commencement of this action, demanded and received of the plaintiff the full

amount of said notes, and interest thereon, in the manner here-inafter mentioned.

It also appeared that on the 10th of September, 1829, the plaintiff and the said Swift, and other individuals, associated together for the purpose of forming a religious society, and that they were duly organized as a voluntary religious society, on the 6th of April, 1836, and on that day duly elected the usual offi-cers of parishes and religious societies. The records of the said association, previously to the organization of its members as a voluntary society, were kept by said Swift, the testator, as clerk. From these records it appeared that at a meeting of said association, on the 19th of September, 1829, Joel Pack-ard and Jonathan Swift (the plaintiff and the defendant's testa-tor), Samuel Ball, Isaac Case and Cyrus E. Clark, were chosen trustees to purchase a site for a meetinghouse, and to receive a deed thereof for the proprietors ; and that they re-mained in office, as trustees, until the organization before men-tioned.

No evidence was offered as to the authority of said Packard and Swift to borrow money for the use of said association ; and it was testified by the other trustees, Ball, Case and Clark, (the defendant objecting to their competency as witnesses,) that the making of said notes was unknown and unauthorized by them.

In the books of the treasurer of the first precinct in New Bedford and Fairhaven, which were kept by the testator, while he was such treasurer, there was in his handwriting the debit charged in the two first entries of the following account :

|        |          | *Dr.*      *Joel Packard and Jonathan Swift,* |          |
|--------|----------|-----------------------------------------------|----------|
| 1831.  | Oct. 25. | To their Note of hand,                        | $253·32  |
| 1832.  | Mar. 3.  | " dit. "          "                           | 40·86    |
| 1837.  | Nov. 23. | To interest on the above,                     | 106·44   |
|        |          |                                               | $400·62  |

|        |          | *Contra.*      *Cr.* |          |
|--------|----------|----------------------|----------|
| 1837.  | Nov. 23. | By cash received of Joel Packard,            | $160·00  |
| "      | " "      | " Joel Packard's Note on demand and interest for, | 200 31 |
| "      | " "      | " Joel Packard,                              | 40·31    |
|        |          |                                              | $400 62  |

The plaintiff settled this account with the said Obed Nye, treasurer as aforesaid, in the manner and at the time stated in the credit side thereof, at which time the interest was charged on the debit side, and the notes, signed by the plaintiff and the testator, were given up by said Nye to the plaintiff. The plaintiff, at this time, informed said Nye, that the money, for which said notes were given, was taken to pay debts due for building the meetinghouse mentioned in the notes, and that the other trustees would not act in the hiring of money to pay those debts.

It further appeared, that all the money which the proprietors of said meetinghouse had agreed, before the giving of said notes, to pay for their shares thereof, had been expended in the erection of said house ; and that, as the proprietors were left in debt, the said Packard and Swift determined that the debt should be discharged ; and that in October, 1832, they agreed to assume and pay said notes when demanded by said precinct, and the payment of the other debts of said society was provided for by the members thereof.

It was agreed that a nonsuit or default should be entered according to the opinion of the court on the above facts. It was also agreed that if the testimony of said Ball, Case and Clark, or any other part of the above evidence, was inadmissible, the same should be rejected by the court in their consideration of the facts.

*Eliot*, for the plaintiff. The interest of Ball and others, the witnesses objected to, (even if they were liable on account of the notes,) was balanced, and they were therefore competent.

But the notes, on the face of them, did not bind the society, but were the notes of the individuals who signed them. They had no power to bind the society. The plaintiff, having paid the whole of a debt for which the testator was jointly liable, is entitled to recover a moiety from the defendant. *Barker* v. *Mechanic Fire Ins. Co.* 3 Wend. 94. *Mann* v. *Chandler*, 9 Mass. 335. Story on Agency, 144. 276. Even if the makers of the note had power to bind the society, they could also bind themselves ; and the facts in the case, especially the precinct books, kept by the defendant's testator, show that they

considered themselves personally bound.　*Stackpole* v. *Arnold*, 11 Mass. 29.

If the makers of the notes did not intend to be held personally, they should have so signed the notes as to give the holders a claim thereon against the society.　*Gill* v. *Brown*, 12 Johns. 385.　*Stone* v. *Wood*, 7 Cow. 453.　*Leadbitter* v. *Farrow*, 5 M. & S. 345.　*Mayhew* v. *Prince*, 11 Mass. 55.　*Ballou* v. *Talbot*, 16 Mass. 463.　*Taft* v. *Brewster*, 9 Johns. 334.

When the money was lent by the precinct, the credit was given to Packard and Swift, and not to the society.　Story on Agency, 285.　The note belonged to the precinct ; the consideration proceeded from them ; and they could have maintained an action against the makers of the notes in the name of the precinct without indorsement.　*Commercial Bank* v. *French*, 21 Pick. 486.　*Trustees &c. in Levant* v. *Parks*, 1 Fairf. 441.

*Coffin*, for the defendant.　The associates of 1829 are liable for debts legally contracted for their benefit, and therefore were not competent witnesses in the case.　If the plaintiff recovers of the defendant, those associates are discharged.

The notes were given by the makers as trustees, and bound the association.　The makers stipulated for the associates, if for any body ; for one of the makers was payee, and no suit could have been maintained on the notes while in his hands. See *Bainbridge* v. *Downie*, 6 Mass. 253.　*Sumner* v. *Williams*, 8 Mass. 198.　*Odiorne* v. *Maxcy*, 13 Mass. 182.　*Episcopal Charitable Society* v. *Episcopal Church in Dedham*, 1 Pick. 374.

As the plaintiff has not paid a debt of the testator, but of the associates, he cannot recover of the executor.

SHAW, C. J.　This appears to be a common case of one joint promisor, who has paid the whole of a joint note, claiming a contribution of his copromisor.　Stripped of the various facts with which the case is connected, but which have no influence upon the correlative rights of these parties, it is the case of one promisor paying the whole of a debt, which both were equally under obligation to pay.

First, as to the admission, as witnesses, of some of the trus-

tees of the meetinghouse, for whose use the money was borrowed. We think they had no interest in the event of this suit, whether that society was or was not bound to refund the money; though it appears, by other parts of the case, that they were not bound to refund. But supposing the money borrowed for the use of the society, by their authority, and that they were liable, t was wholly immaterial to them, whether they were liable for the whole to Packard, or for one half to Packard, and one half to Swift's executor. If the plaintiff recovers in this suit, they must pay one half to each ; if not, they must pay the whole to Packard. The result of this suit, therefore, will not affect their liability, nor the amount for which they were liable.

It is then however argued for the defendant, that the notes being given by the makers as trustees of the voluntary society, it bound the associates, and not the makers personally, and so the plaintiff paid in his own wrong, and can found no claim on that payment, against the other promisor. To this, several answers occur : First, that the associates were not then acting as a corporation, and could only be bound as individuals. Secondly, they were but two of five of the trustees, and the evidence negatives their authority, as trustees, to borrow money on the credit of the associates. But, thirdly, the decisive answer is, that the notes, in terms, do bind the signers personally, and they are called trustees, as *descriptio personarum*, and to indicate the use to which the money was to be put. And it further appears, that they subsequently agreed to pay these notes equally, to relieve the society from debt. It appears that they were active and leading promoters of this public enterprise, and they treated the money, raised by these notes, as part of their voluntary contribution towards it. Being personally bound by the notes, each was under obligation to pay the whole ; and therefore the plaintiff did not pay in his own wrong, but simply discharged a legal obligation.

Another ground taken for the defendant was, that by the terms of the note, it was payable by Swift to himself, described as treasurer of the first precinct, another and an incorporated parish ; and as he could not sue himself, it was not a legal and

binding obligation.   Whilst Mr. Swift lived, and remained such treasurer, there would have been a technical difficulty in maintaining a suit against him, on the note, or even against both, as it was a joint note.   But the difficulty would have been merely formal.   The note was evidence of a joint debt, and if Packard had paid the whole without suit, he might have had his action for money paid, and the difficulty would have vanished. Again, Mr. Swift was responsible to the parish of which he was treasurer, for the funds intrusted to him ; if he had lent them without taking a valid security, he would have been liable. If it was a valid security, then he was bound by it.   Either way he was liable in whole or in part, and when the plaintiff paid the whole to his successor, he paid a debt for which Swift was liable, at least to the amount of the note.

But we think there is another and decisive answer, furnished by statute.   It is provided by *St.* 1797, *c.* 14, and Rev. Sts. *c.* 100, § 25, that when any bond, note, &c. is made to the treasurer of any town, parish, or other corporation, an action may be prosecuted thereon by any successor in such office. Consequently, after the death of the treasurer, Swift, the election of a successor, and the delivery of the note to such successor, when the plaintiff paid this note, he paid a debt, for which the defendant, as Swift's executor, was then liable to an action equally with the plaintiff.   In legal contemplation, it was paid one half to the defendant's use, to recover which, this action may be maintained.

*Defendant defaulted*